UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,         Case No. 15-cv-11887
                                       Hon. Matthew F. Leitman

v.

HASSAN JAWAD and
MONROE MOBIL, INC.,

        Defendants.
_____/

## CONSENT JUDGMENT

This Consent Judgment is entered into by and between the United States of America, Plaintiff, and Defendants, Hassan Jawad and Monroe Mobil, Inc., the parties to the Consent Judgment, by and through their respective, undersigned counsel.

WHEREAS, on May 28, 2015, the United States filed its Amended Complaint (Docket No. 4) in this case against Hassan Jawad, individually, and Monroe Mobil, Inc. ("Defendants"), to obtain a judgment against the Defendants in connection with a defaulted loan made by Charter One Bank NA to Monroe Mobil, Inc., personally guaranteed by Hassan Jawad, and guaranteed by the U.S. Small Business Administration, all as set forth in the Amended Complaint and the

1

Exhibits as initially filed (Docket Nos.1-2 through 1-7), incorporated by reference herein;

WHEREAS, an Answer was filed, a Joint Discovery Plan and Report submitted and a Case Management and Scheduling Order issued; and

WHEREAS, the deposition of Hassan Jawad was taken, discovery concluded and settlement negotiations conducted on December 21, 2015; and

WHEREAS, the parties have consented to the terms and conditions of this Consent Judgment as set forth below, and to its entry as evidenced by the approval of their undersigned attorneys, and the Court having reviewed this Consent Judgment and being otherwise fully advised in the premises, now, therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction under 28 U.S.C. § 1345 because the United States is the Plaintiff.

2. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendant, Hassan Jawad, resides in the Eastern District of Michigan, and under 28 U.S.C. §§ 1391(c)(2) and 1391(d) because Defendant, Monroe Mobil, Inc., is incorporated under the laws of the State of Michigan, has its principal place of business in this district, and its resident agent resides in this district.

3. The allegations of the Amended Complaint were well taken, the United States had reasonable cause to bring the action, and the position of the United States was and is substantially justified as set forth in 28 U.S.C. § 2412.

4. The parties to this Consent Judgment will not seek attorney fees or costs from the United States in connection this case under the Equal Access to Justice Act or any other statute, rule or regulation, or otherwise.

5. The Defendants shall be jointly and severalty liable for, and shall pay $77,029.25, without interest ("the Settlement Sum"), to the United States as follows: $3,000.00 to be paid within 7 days of the entry of this Consent Judgment, and $1,000.00 on the first day of February, 2016 and on the first day of every month thereafter until the Settlement Amount is paid in full. Checks should be made payable to the U.S. Department of Justice and mailed or delivered to the United States Attorney's Office, Financial Litigation Unit, 211 W. Fort St., Suite 2001, Detroit, Michigan 48226. The names of the Defendants and Case No. 15-cv-11887 should be designated on the face of the checks.

6. If the Defendants fail to make a required $1,000.00 payment in the full amount on or before the first day of the month when due ("the due date"), i.e., default, and do not cure the default within five (5) days of the due date, then nothing herein shall prevent the United States by and through the Asset Forfeiture

Financial Litigation Unit (AFFLU) of the U.S. Attorney's Office from proceeding with any available administrative or judicial remedy to enforce collection of any remaining, accelerated balance due on Defendants' total debt to the United States of $103,235.08, as certified by Treasury Fiscal Services on May 13, 2015 (Docket No. 1-6). The provisions of this paragraph shall also apply if the Defendants fail to make the initial payment of $3,000 in full when due.

7. If the Defendants are not in default, upon the Defendants' request and at the discretion of the AFFLU, a re-evaluation of the Settlement Sum and the Defendants' ability to pay may be conducted.

8. If the Defendants are current in their payments toward the Settlement Sum, the United States will forebear from any other enforcement or collection actions to collect the debt hereunder.

9. Until the debt is paid in full, whether the Settlement Sum or the total debt remaining upon default, the Defendants shall remain in the Treasury Offset Program (TOP), and eligible administrative offsets, including Federal tax refunds, shall be applied to toward the remaining balance until paid in full.

10. The Defendants who are signatories to this Consent Judgment release, remise and discharge plaintiff, the United States of America, and any of its agencies involved in this action and the underlying financial investigation,

including the United States Attorney's Office, the U.S. Department of Treasury, Fiscal Management Services, and the U.S. Small Business Administration, their agents, officers and employees, past and present, from any claims or causes of action which such Defendants, their agents, officers, employees, assignees and/or successors in interest have, may have or may have had, in connection with this enforcement action or any aspect of the underlying investigation.

11. The parties to this Consent Judgment have discussed this settlement with their counsel, fully understand its terms and conditions, and the consequences of entering into it. The parties agree that they shall bear their own costs in this matter.

12. Upon entry of this Consent Judgment, this case shall be administratively closed.

13. Upon motion of the United States, this case may be reopened to enforce the terms of the Consent Judgment, or to conclude the case upon payment of the Settlement Sum or the remaining total indebtedness, whichever applies, by entry of a satisfaction of judgment, or an order of dismissal, or both.

14. If and to the extent permissible by law, the Court shall retain jurisdiction to enforce the terms of the Consent Judgment or to conclude the case.

        /s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated: December 30, 2015


We approve the terms of the above Consent Judgment and stipulate to its entry:

| | |
|---|---|
| s/T.N. ZIEDAS | s/MICHAEL L. KALIS (w/consent) |
| T.N. Ziedas (P35653) | Michael L. Kalis (P23132) |
| United States Attorney's Office | Michael L. Kalis & Assoc. PLLC |
| 211 W. Fort Street, Ste. 2001 | 3203 S. Telegraph Rd. |
| Detroit, MI 48226 | Dearborn, MI 48124 |
| 313.226.9100 | 313.277.0310 |
| peter.ziedas@usdoj.gov | kalislaw@yahoo.com |
| *Counsel for the United States* | *Counsel for Monroe Mobil, Inc. and Hassan Jawad* |
| Dated: 12-28-2015 | Dated: 12-28-2015 |

        s/ HASSAN JAWAD (see attached pg)
        Hassan Jawad, individually, and
        on behalf of Monroe Mobil, Inc.

        Dated: 12-28-2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

14. The Court shall retain jurisdiction to the extent necessary to enforce the terms of the Consent Judgment or to conclude the case.

                              HON. MATTHEW F. LEITMAN
Dated: _____      United States District Judge

We approve the terms of the above Consent Judgment and stipulate to its entry:

T.N. Ziedas (P35653)                Michael L. Kalis (P23132)
United States Attorney's Office      Michael L. Kalis & Assoc. PLLC
211 W. Fort Street, Ste. 2001        3203 S. Telegraph Rd.
Detroit, MI 48226                     Dearborn, MI 48124
313.226.9100                         313.277.0310
peter.ziedas@usdoj.gov            kalislaw@yahoo.com
*Counsel for the United States*       *Counsel for Monroe Mobil, Inc. and Hassan Jawad*

Dated: _____             Dated: 12/28/15

                                      Hassan Jawad, individually, and on behalf of Monroe Mobil, Inc.

                                      Dated: 12-28-15